The People of Puerto Rico, Plaintiff and Appellee, *v.* Salvador Rodríguez Prieto, Defendant and Appellant.

No. 10198.   Argued December 8, 1943.—Decided January 13, 1944.

*Samuel R. Quiñones* for appellant. *R. A. Gómez, Prosecuting Attorney (Fiscal),* and *Luis Negrón Fernández, Assistant Prosecuting Attorney,* for appellee.

MR. ACTING CHIEF JUSTICE TRAVIESO delivered the opinion of the court.

The appellant was prosecuted for the crime of murder and, after being convicted of voluntary manslaughter, was sentenced to three years' imprisonment in the penitentiary. At the same time he was convicted of the unlawful carrying of a revolver and sentenced to three months in jail. The present appeal has been taken from both judgments. We will discuss the assignments of error in the same order in which they are stated in appellant's brief.

■■ 1st. That the trial court never acquired jurisdiction over the person of the defendant nor had jurisdiction to take cognizance of the offense charged against him.

The claim of want of jurisdiction is based on the following grounds: (a) That the witnesses on whose sworn statements the information was based were examined by the district attorney and the information was not filed by him but by the assistant district attorney; (b) that the oath taken by the assistant district attorney and based on the belief that there was just cause is void, in that it fails to state that such belief was that of said district attorney; and (c) that from the evidence it appears that the facts took place within the jurisdiction of the town of Gurabo, which forms part of the judicial district of Humacao, and not within the jurisdiction of Trujillo as alleged in the information.

Grounds (a) and (b) lack merit. In the case of *People v. Pagán,* 49 P.R.R. 423, 429, the information was filed by the District Attorney of Ponce relying on the testimony of witnesses examined under oath by the District Attorney of Guayama. It was held that the information was properly filed and that the court acquired jurisdiction to try the case.

Section 3 of the Code of Criminal Procedure provides that an information filed by the district attorney must be verified by his affidavit, "which shall be sufficient if it states that the information is based upon the testimony of witnesses, sworn by him, or upon the testimony of witnesses taken before an examining magistrate, and that he solemnly believes that there is just cause for filing the information." The two informations in the present case are in accordance with the provisions of the said Section. The Assistant District Attorney of San Juan states under oath that the information is based on the testimony of witnesses "examined under oath by the district attorney." The phrase "solemnly believes that there is just cause for presenting it to the Court" can refer to no other person than the assistant district attorney who

is the one making the statement. The district attorney who took the testimony of the witnesses acted as an examining magistrate, in accordance with the powers which the law grants to district attorneys, and the assistant district attorney who is authorized to file informations filed the one herein based on the testimony taken by the district attorney, acting as a committing magistrate.

■ We have examined the transcript of the evidence. The latter establishes beyond doubt that the act charged against the accused was committed within the jurisdiction of the town of Trujillo Alto, which forms part of the judicial district of San Juan.

■■ 2d. That the lower court erred in permitting Dr. J. E. Martínez to testify after the *post mortem* examination which he made on the body of Julio Betancourt, according to the witness.

We fail to find in this assignment any reason why we should give it serious consideration. It is not required that the physician who makes the *post mortem* examination should have known previously the person whose body he is to examine. That knowledge must necessarily be acquired by the physician from the statements of the persons who knew the deceased when he was alive. Both the witnesses for the prosecution and those for the defense testified as to the fight between the defendant and Julio Betancourt in which the latter was killed by a revolver shot. By setting up as his only defense that he had killed Betancourt in self-defense, the defendant admitted the fact of Betancourt's death, thus rendering immaterial an expert description of the wound and the tracing of the bullet in the body of the deceased.

■ 3d. That the lower court erred in not permitting the witness Marcelo Román to testify after his having been prosecuted thirty-five times for assaults and other crimes of violence.

The alleged error was not committed. Section 158 of the Law of Evidence (§520 of the Code of Civ. Proc.) specifies when and how a witness may be impeached by the party against whom he has been called. The witness may be impeached (a) by contradictory evidence; (b) by evidence that his general reputation for truth, honesty, or integrity is bad; and (c) by evidence that he has been convicted of a felony. From the testimony incorporated in the transcript of the evidence it appears that the specific acts which the defense attempted to charge against the witness for the purpose of impeaching his veracity, if true, could not be characterized as felonies, but only as misdemeanors. Such evidence was clearly inadmissible.

The rule laid down in *People* v. *Pérez*, 36 P.R.R. 642, is not applicable to the state of facts on which this assignment is based.

4th. That the judgments appealed from are erroneous as being based on a verdict rendered upon an incorrect weighing of the evidence.

The evidence for the prosecution which was believed by the jury is more than sufficient to justify the verdict of voluntary manslaughter. The conflict between that evidence and the one adduced by the defendant to establish self-defense was decided by the jury against the defendant. Since there is no charge of passion, prejudice, or partiality, nor of manifest error in the weighing of the evidence, we are bound to leave the verdict undisturbed.

The two judgments appealed from will be affirmed.

Mr. Justice Snyder did not participate herein.